## Case No. 9,176.

### MARTINS v. BALLARD.

[Bee, 258.] [1]

District Court, D. South Carolina. 1808.

IMPRISONMENT FOR DEBT—RELEASE—TORTS.

Persons confined in jail for torts and trespasses do not come within the provisions of the act of congress, or that of this state [South Carolina] for relief of insolvent debtors.

The application now before the court is made on the part of Captain Ballard, who desires that he may be admitted to take the oath, mentioned in the act of congress, for the relief of persons imprisoned for debt. It has been objected that this act relates solely to persons confined for debt on execution; and that Ballard does not come within that description. The law of this state for the relief of insolvent debtors excepts such persons as are in confinement for torts and trespasses; and it has been contended that the exception ought to prevail in this instance. That such is the proper construction of the state law is admitted by the opposite counsel; but they assert that it cannot apply here. That the act of congress alone must guide the present decision, and that, in it, all civil actions are comprehended. That it must be construed favourably, being in favorem libertatis. That confinement of debtors is contrary to every principle of humanity. That the claim [by Peter Martins] against [Edward] Ballard, for which he stands imprisoned, is by operation of law become, and must be considered as, a debt, within the meaning and intention of the law of congress.

BEE, District Judge. As this is a case of first impression, I have considered it with

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

much attention. In order to determine it, we must look to the origin of the suit, and see in what predicament Ballard now stands. The suit was instituted, originally, for damages, under the treaty with the United Netherlands. Ballard was taken into custody on a warrant out of this court, and gave bond with sufficient security to abide the court's decision. Previously to a final decision, his surety, or bail, applied here for leave to surrender back the defendant to the custody of the marshal; and this was done accordingly. Ballard now applies for relief under this act of congress.

It cannot be doubted that the act was intended solely for the relief of persons imprisoned for debt. It speaks of such as may be in confinement "on executions issuing from any court of the United States for satisfaction of judgments in any civil actions." If this suit had been for debt, or on contract, I should have had no doubt upon the point; but, by reference to the treaty with the United Netherlands, we find that this suit originated in a violation of that treaty expressly guarded against thereby. (See 13th article of that treaty.) We must, therefore, consider how far cases like the present could have been contemplated by congress, when they passed this act. Could they mean to discharge such offenders as Ballard; against whom the treaty expressly declares that their persons, as well as their goods, shall be answerable for any violation of its provisions? I am of opinion that the clause of the act relates not to him. To discharge him under the present application would, I think, shew a misconstruction of the law, and amount, on my part, to an infringement of the treaty. Let the application be dismissed.

[See Cases Nos. 7,216 and 9,175.]